[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10545
Non-Argument Calendar
_____

D.C. Docket No. 4:20-cv-00269-HLM

ZACHARY E. COLEY,

                              Plaintiff-Appellant,

versus

SHAW INDUSTRIES, INC.,
Plant 3,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 27, 2021)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

    Zachary E. Coley filed a *pro se* lawsuit alleging that his former employer,

Shaw Industries, Inc., violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, when it refused to reduce his hours as a reasonable accommodation for his disability and then terminated his employment on August 12, 2019. The district court dismissed Coley's complaint because he did not timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days after his termination. Coley appeals, but he has not shown that his EEOC charge was timely or that his untimely charge should be excused. We therefore affirm the dismissal of his complaint.

We review *de novo* the district court's dismissal of a complaint and its application and construction of a limitations provision. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). We liberally construe the filings of *pro se* parties. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Nevertheless, *pro se* parties must still comply with procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), including limitations periods, *see Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) ("*[P]ro se* litigants, like all others, are deemed to know of the . . . statute of limitations."). In other words, "[l]iberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).

To file a claim for employment discrimination under the ADA, the plaintiff

must first exhaust his administrative remedies, beginning by filing a charge of discrimination with the EEOC. *Maynard v. Pneumatic Prods. Corp*, 256 F.3d 1259, 1262 (11th Cir. 2001); *see* 42 U.S.C. § 12117(a) (incorporating the enforcement provisions of 42 U.S.C. § 2000e-5). In a "non-deferral" state,[1] such as Georgia, the plaintiff must file a charge of discrimination with the EEOC within 180 days after the date of the alleged discriminatory act. 29 C.F.R. § 1626.7(a); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). In cases alleging unlawful termination, the "180-day period is counted from the date the employee receives notice of termination." *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201 (11th Cir. 2003). If the plaintiff does not submit a timely EEOC charge, he generally may not challenge the alleged discriminatory conduct in court. *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1332 (11th Cir. 2008).

Here, the district court did not err in dismissing Coley's complaint for failure to file a timely EEOC charge. Coley's EEOC charge, which was attached to his complaint, reflects that he received notice of his termination by Shaw Industries on August 12, 2019, so he needed to file a charge of discrimination within 180 days of

---

[1] Whether a state is a "deferral" or "non-deferral" state depends on whether it has laws banning the kind of discrimination alleged and whether it has state entities authorized to grant or seek relief for victims of such discrimination. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1214 n.2 (11th Cir. 2001). If a state has laws and entities to redress the discrimination alleged, the EEOC "defers" to the state processes in the first instance, and plaintiffs ordinarily have additional time (300 days instead of 180 days) in which to file their EEOC charge. *Id.*

that date.  *See Wright*, 320 F.3d at 1201; *Wilkerson*, 270 F.3d at 1317.  But Coley did not submit his EEOC charge until June 11, 2020, when he "digitally signed" it, more than 300 days later.  Because Coley's current claims under the ADA were not "the subject of a timely-filed EEOC charge," they could not be brought in court, and the district court properly dismissed them.  *See Alexander*, 207 F.3d at 1332.

Liberally construing his brief on appeal, Coley acknowledges that he "made some errors," but he asks this Court to exercise "compassion[] and lenien[cy]" in light of his lack of experience or an attorney, the difficulties presented by the COVID-19 pandemic, and his attempt to exhaust his administrative remedies.  Before the district court, Coley also asserted that he had timely filed with the EEOC but his "case worker failed [him]" due to "personal family issues."  Finally, Coley makes arguments for relief based on provisions of the Georgia Code.

The filing of a timely EEOC charge is a non-jurisdictional "requirement that, like a statute of limitation, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).  "Equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Fedance v. Harris*, 1 F.4th 1278, 1284 (11th Cir. 2021) (quotation marks omitted).  Absent one of these exceptions, however, we must "strict[ly] adhere[] to the procedural requirements specified by the legislature,"

4

*Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 632 (2007), and we cannot disregard a limitations period out of sympathy for a litigant, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

Coley has not presented grounds to excuse his untimely EEOC charge. He does not identify any conduct by his former employer that would warrant applying the doctrines of waiver or estoppel. Nor does he present grounds for equitable tolling. The allegations concerning his EEOC case worker raise the possibility that a circumstance outside his control prevented him from filing the charge of discrimination on time. *See Fedance*, 1 F.4th at 1284. But while equitable tolling might be available in such a scenario, we cannot say it applies here because Coley failed to provide any supporting facts about the case worker's conduct, how it prevented him from filing on time, or why he believes his EEOC charge was timely. *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted."). And he has abandoned those issues on appeal by failing to address them in his briefing. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

Because the record reflects that Coley failed to file a timely charge of discrimination with the EEOC, and he has not presented grounds to excuse the untimely filing, his claims under the ADA cannot be brought in court, and the district

court properly dismissed them. *See Alexander*, 207 F.3d at 1332. Nevertheless, our ruling applies to Coley's ADA claims only and does not prevent him from seeking recourse in state court under the state-law provisions he cites in his briefing.

For these reasons, we affirm the dismissal of Coley's complaint.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 27, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-10545-GG
Case Style: Zachary Coley v. Shaw Industries, Inc.
District Court Docket No: 4:20-cv-00269-HLM

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG

at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion